## Dubin et al. v. Glendening et al.

*Morris W. Kolander,* for plaintiffs.

*Swartz, Campbell & Henry,* for defendant.

*George H. Detweiler,* for additional defendant.

OLIVER, P. J., April 10, 1940.—This case involves an ordinary right-angle collision between two motor vehicles. One car was driven by defendant Frank S. Glendening. The other car was driven by the additional defendant Harry Chester, who had with him as passengers plaintiffs Ida Dubin and Emma Dallman, and also Fannie Weiner. Plaintiffs instituted this suit against defendant, who then filed a petition for leave to join Harry Chester as an additional defendant therein, alleging that the accident had been caused solely by Chester's negligence. Upon presentation of the petition accompanied by a waiver of preliminary hearing, this court granted the petition on December 15, 1939, and signed the accompanying order adding Chester as additional defendant. Thereafter, on February 6, 1940, the additional defendant, a resident of Illinois, having been served by the sheriff, filed an answer to the petition and alleged therein, among other things, that a suit had been instituted in Court of Common Pleas No. 6 of Philadelphia County, on his behalf, to the use of Auto Bonding Company against defendant to recover property damages sustained in the above accident; that another suit had been instituted in Court of Common Pleas No. 3 by the third passenger, Fannie Weiner, and her husband, against defendant to recover damages sustained by them; and that petitions will be filed to join the trial of those two suits with the trial of this suit. The answer further alleged that the joining of the additional

defendant would serve no useful purpose and would complicate the proceedings to such an extent that the issues involved in the three suits could not properly be tried. The additional defendant prayed for "an order refusing to permit the issuance of a scire facias to join him as an additional defendant." The matter was heard on the motion list.

Plaintiffs contend that the question now before this court is whether Harry Chester, having been joined as an additional defendant by order of court upon petition filed by the original defendant, may, by answer filed thereto, assert affirmative allegations, unrelated to those contained in the petition to join, in order to request a dismissal of the proceedings as to the additional defendant. On the other hand, the additional defendant contends that the question is whether, in a proceeding instituted since September 4, 1939, in which a defendant attempts to join a third party as additional defendant, such proposed additional defendant is entitled to notice, and to be heard, before the court grants an order that he shall be joined. Both questions are involved in the present proceedings.

The form of the answer filed by the additional defendant is incorrect. Pa. R. C. P. 2256 provides in part:

"(a) Any defect of form or substance in either the petition or order may be attacked only by a motion to dismiss as to the additional defendant." The accompanying note states: "Under this rule all defects, except jurisdictional defects, are reached by the same motion to dismiss." Rule 2256 further provides:

"(c) If the motion to dismiss is overruled, the additional defendant shall have twenty days . . . in which to file an answer." Rule 2257 provides:

"(a) The answer shall be framed in the same manner and form as is required for the pleading of a defendant in an action of assumpsit."

It is apparent that the pleading filed by the additional defendant is not an answer in the form of a pleading required of a defendant in an action of assumpsit and it is

clearly not a motion to dismiss. The answer, therefore, is not in proper form. Furthermore, the additional defendant, in his answer, assumes incorrectly that the question of whether he shall or shall not be joined is still open, notwithstanding the fact that the additional defendant has already been joined as a party by order of court.

However, passing for the moment these obvious defects in the answer filed by the additional defendant, we are of the opinion he was not entitled to notice, or to be heard, before the court entered the order joining him as a party to this action.

The additional defendant relies largely upon clause (d) of Rule 2252 which provides:

"All other parties of record in the action shall be served with a copy of such petition, and, unless a hearing is waived in writing by all parties, there shall be a hearing thereon and each party shall be given at least ten days' notice of the time and place of such hearing."

He contends that it is "intensively significant" that this subsection uses the phrase, "all other parties of record", with reference to service, and the phrase, "by all parties", with reference to the waiver of hearing. In his view the omission of the word "other" in the second of these phrases makes it sufficiently broad to include the person who is to be joined as additional defendant. However, there is an obvious reason for the difference in the two phrases arising from the fact that defendant, being the party who files the petition, does not have to be served with a copy thereof, whereas it is the intention of clause (d) that there shall be a hearing unless all parties of record, including defendant, join in the waiver. The fact that defendant in this case filed the petition and attached thereto a waiver signed by plaintiffs' counsel and endorsed the paper "Petition for Leave to Join an Additional Defendant and Waiver of Hearing" may be accepted as a joinder by defendant in the waiver.

In any event, at the stage of the proceedings now under discussion, prior to the signing of the requested order by

the court, the additional defendant is not a party to the proceedings at all and, therefore, cannot be included in either of the two phrases quoted. He does not become a party in any sense of the word until the court has signed an order joining him as an additional defendant. When that order has been signed, the purpose for which a hearing, unless waived, is to be held, has been accomplished.

Clause (c) of Rule 2252 sets forth the form of order which must accompany defendant's petition, commanding the sheriff to direct the additional defendant "to file an answer . . . within . . . days after service upon him of a copy of this petition and order and of copies of all pleadings heretofore filed". The note under this clause states that the above rule substitutes for prior procedure "a petition stating the basis of the liability of the additional party and *an order of the court which makes such third person a party to the action and driects the sheriff to serve him with a copy of the petition and order and the pleadings already filed by the parties to the action.*" (Italics supplied.) The clause and the note show that the additional defendant is not a party to the action, and that the petition is not even supposed to be served upon him, until the order making him a party has been signed.

Even looking at the present case in the light of the facts averred by the additional defendant, there is no substance to the contention that his joinder will unnecessarily complicate the proceedings. The only suit now before this court is the present action involving the claims of two passengers against the driver of the car which collided with the car in which they were riding, who has in turn joined as an additional defendant the other driver. It is the most commonplace of all situations in which a prayer for joinder is granted. If it would unnecessarily complicate the proceedings to have the other two actions, referred to by the additional defendant, tried together with the present suit, that point can readily be raised when the request for a joint trial is presented.

396

### Order

And now, April 10, 1940, the prayer of the additional defendant, Harry Chester, "for an order refusing to permit the issuance of a scire facias to join him as an additional defendant" is refused and said additional defendant is hereby granted leave to file an answer to defendant's petition, in the form required by Pa. R. C. P. 2257, within 30 days from the date of the entry of this order.